**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK RIVERA,

      Plaintiff - Appellant,

v.

BERNALILLO COUNTY; JUAN
VIGIL, County Manager; ART
DELACRUZ, Director; AFSCME
COUNCIL 18; JOE CHAVEZ,
Council President; AMANDA M.
VESEY, Council Representative;
AFSCME LOCAL 1461; TOM CRUZ,
Local President,

      Defendants - Appellees.

No. 01-2270
D.C. No. CV-00-125 LH/DJS
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patrick Rivera appeals from the dismissal of a claim against defendant AFSCME (his labor union) and its employees for breach of the duty of fair representation implied under the National Labor Relations Act, and from summary judgment in favor of the Union and the Bernalillo County defendants on his claim for violation of procedural due process brought under 42 U.S.C. § 1983. Both claims arise from his termination as a tenured county employee. We conclude that, because he alleged only negligent or inept conduct on the part of the Union, Mr. Rivera failed to state a claim for breach of the duty of fair representation. We further conclude that Mr. Rivera received sufficient substantive and procedural due process through pre-termination hearings such that summary judgment was properly granted on his procedural due process claims.

## I. Background facts

Mr. Rivera, a union member, was terminated from his tenured county position after defendant Art DeLaCruz, the director of his department, determined that he (1) had failed to secure a chain saw in his truck or to park the truck in a place where he could see it (resulting in the apparent theft of the chain saw); (2) had been insubordinate during the investigation of the chain-saw loss and "less than forthcoming" in his responses to questions about his work activity,

locations, and routes traveled before and after the chain saw was discovered missing; and (3) had previously been suspended for providing inconsistent information during an investigation for being out of his assigned work location. Aplt. App., Vol II at 293-94. Mr. Rivera received written notice and a pre-determination hearing in which he had the opportunity to present testimony and evidence objecting to his termination on these grounds. *See id.* at 291-92. After his termination, Mr. Rivera presented a letter to Mr. DeLaCruz stating that he was "filing a grievance on the termination letter" he received. *Id.* at 295. The County's grievance procedure is set forth in a collective bargaining agreement negotiated between the Union and the County. During negotiations conducted shortly after his termination, the Union obtained a compromise with the County whereby Mr. Rivera's termination would be reduced to a ten-day suspension if Mr. Rivera offered testimony concerning an attack by a co-worker, but Mr. Rivera rejected the compromise.

Through the collective bargaining agreement, the County also provided post-termination hearings before an independent hearing officer. Those grievance procedures required written requests for post-termination grievance hearings be sent to the county manager within ten days of the receipt of the termination letter. The procedures also provided that "[f]ailure . . . to meet the requirements in the grievance procedure will mean adjudication of the matter in the other's respective

favor at that point in the grievance." *Id.* Vol. I at 35C. Mr. Rivera concedes that his grievance notification did not meet the procedural requirements. On motion by the County, the hearing officer assigned to hear the post-termination proceeding determined that Mr. Rivera's failure to technically comply with the procedural requirements should result in adjudication of the grievance in favor of the County pursuant to the bargaining agreement, and so ruled. Mr. Rivera then filed this federal suit.

## II. Discussion

**A. Dismissal of the breach of fair representation claim.** In his complaint, Mr. Rivera alleged that the Union negligently breached its duty of fair representation by (1) failing to competently represent him; (2) acting with the County to deny him a fair hearing; (3) not providing him with an attorney, and (4) failing to present competent legal argument in response to the County's motion to dismiss the post-termination grievance. Aplt. App., Vol. I at 10. In response to the Union's motion to dismiss for failure to state a claim, Mr. Rivera characterized the basis of his claims as a "hybrid" action, which the district court construed as an action brought against the County under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C § 185, and an "inextricably interdependent" action against the Union for breach of the duty of fair representation implied under the National Labor Relations Act. Aplt. App.,

-4-

Vol. I at 71. The LMRA specifically does not apply to states or their political subdivisions. 29 U.S.C. §§ 142(3), 152(2). Because Mr. Rivera could not sue the County under the LMRA, the district court concluded that he could not state a claim for breach of the duty of fair representation. Aplt. App., Vol. I at 72-73.

On appeal, Mr. Rivera argues that the Union's duty of fair representation arises from its status as the exclusive bargaining representative for employees, and that the district court erred in dismissing his claim because the LMRA does not preclude claims arising from employment and union representation in the public sector. He argues that, because we have applied the duty of fair representation of private sector workers under the LMRA to unions representing federal employees, *see Pham v. Am. Fed'n of Gov't Employees*, 799 F.2d 634, 639 (10th Cir. 1986), as a matter of first impression, we should hold that the same duty applies to unions representing state employees.

We review the court's dismissal de novo, accepting "all well-pleaded factual allegations . . . as true," and affirming only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotations omitted). We need not reach the first-impression issue in this case, however, because we can affirm the district

court on other grounds that are supported by the record. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

Mr. Rivera claims on appeal that the Union breached its duty to timely file a grievance on his termination with the proper County official, thus depriving him of his right to the post-termination hearing. Mr. Rivera points to no provision in the collective bargaining agreement imposing upon the Union a duty to file employee grievances. The agreement provides that the employee may have any person represent him in the grievance proceedings or can simply handle the grievance himself. Aplt. App., Vol. II at 256-61. Further, the complaint itself shows that Mr. Rivera is the person who prepared and delivered his termination grievance to the wrong official, *see id.* Vol. I at 5, and he cannot impute that failure to the Union.

As to the claims for negligence that *were* stated in the complaint, the Union points out in its response that Mr. Rivera never claimed that its allegedly incompetent conduct in representing him during the grievance proceedings was "arbitrary, discriminatory, or in bad faith," which is the type of conduct required to establish a prima facie case of breach of the duty of fair representation. *Young v. United Auto. Workers Labor Employment & Training Corp.*, 95 F.3d 992, 996 (10th Cir. 1996) (quotation omitted). "Mere negligence, poor judgment, or ineptitude in grievance handling are insufficient to establish a breach of the duty

-6-

of fair representation." *Id.* at 997 (quotation omitted). Mr. Rivera did not reply to the Union's argument. We affirm the district court's conclusion that Mr. Rivera failed to state a claim for breach of the duty of fair representation.

**B. Summary judgment on the due process claim.** Mr. Rivera's complaint alleged that the County defendants and the Union violated his due process rights by refusing to allow him to present his side of the story at a post-termination hearing. Citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985), and *Benavidez v. City of Albuquerque*, 101 F.3d 620, 626 (10th Cir. 1996), the district court granted summary judgment in favor of the County defendants and the Union on this claim. The court concluded that, because Mr. Rivera had notice and an opportunity to present his version of the facts at the pre-termination hearing and because he had the *opportunity* for a post-termination hearing, but had waived it by failing to follow procedural requirements, he could not prevail on a procedural due process claim. Aplt. App., Vol. II at 387-88; *id.* at 391-92.

On appeal, we review the district court's conclusions of law de novo. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Where there are no disputed material facts, "we determine whether the district court correctly applied the substantive law." *Id.* Mr. Rivera complains that he was unconstitutionally denied an

administrative post-termination hearing and that the County and Union could not bargain away his rights to such a hearing via a collective bargaining agreement that restricted his right to the hearing by making him follow procedural requirements. We disagree. As long as the procedural requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional. *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1256 (10th Cir. 1998) (noting that "grievance procedures provided by a collective bargaining agreement can satisfy a plaintiff's entitlement to post-deprivation due process"); *and see Krentz v. Robertson*, 228 F.3d 897, 904 (8th Cir. 2000) (stating that employee waives procedural due process claim by refusing to participate in post-termination proceedings); *Dusanek v. Hannon*, 677 F.2d 538, 542-43 (7th Cir. 1982) ("The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure.")

Finally, Mr. Rivera does not state what other evidence he would have presented at a post-termination hearing that could have changed the outcome of the proceedings. He does not complain that he had no meaningful opportunity to present evidence or cross-examine the witnesses against him at the pre-termination hearing, and in fact admits to much of the factual predicate

underlying his termination. *See Calhoun v. Gaines*, 982 F.2d 1470, 1476 (10th Cir. 1992) (noting that a "full-blown adversarial post-termination hearing" is required only if "such [a hearing] was [not] included as part of the pretermination proceedings"). There are no disputed material facts concerning the County's hearing process. Thus, for substantially the same reasons stated by the district court, we affirm summary judgment in favor of the County defendants and the Union on this issue.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge